**Sergio HERRERA, Appellant**

v.

**The STATE of Texas.**

**No. PD–1590–13.**

Court of Criminal Appeals of Texas.

Feb. 26, 2014.

Henry J. Paoli, ScottHulse PC, El Paso, TX, for Appellant.

---

Jaime Esparza, District Attorney, El Paso, Lisa C. McMinn, State's Attorney, Austin, TX, for The State of Texas.

I agree with the Court's decision not to review appellant's petition for procedural reasons, but I believe that the legal issue that appellant raises is an important one that this Court should address in a suitable case. Appellant's ground for review reads:

Is the admission of testimony of a sexual assault nurse examiner concerning statements made by the alleged victim, in a case in which the victim does not testify and is unavailable for cross-examination, a violation of the Confrontation Clause of the 6th Amendment to the Constitution, as held by the majority of authorities in Texas's sister states?

The evidence in this case showed that the 85–year–old rape victim was a resident in an assisted-living facility. Appellant had previously provided physical therapy services to her in the facility. One night he walked into the victim's room when no one else was present and sexually assaulted her, leaving her bleeding and with cuts and bruises. The next morning, the victim was taken to Sierra Medical Center for examination by a Sexual Assault Nurse Examiner (SANE). As a part of her examination, the SANE said that she wrote down the victim's account of the event:

This event happened last night in the patient's room in assisted living. Male came into her room and ... slammed her door open. Patient was sitting on the couch watching TV.... "He said I was too skinny and needed to fatten up." ... He kept putting his hand on her shoulder and made her get up and patted her butt. He forced her over to the bed. He made her lay down on it and he was taking his britches off all the time. "He raped me."

Appellant's DNA was found in a sperm sample taken by the SANE. The elderly victim died of an unrelated illness before trial and thus was unavailable as a witness.

At trial, appellant testified that he went to the victim's room to chat. She was naked, and she pulled down his pants and began to fondle him. She pushed him back on the bed and then forced him to have sex with her.[1]

Appellant objected to the introduction of the SANE report, which was offered as a business and medical record,[2] and he specifically objected to the victim's testimonial statements, citing *Crawford*[3] and relying on his Sixth Amendment Right of Confrontation. The court of appeals upheld the admission of the SANE's testimony and records repeating the victim's account of the rape, concluding that the account was a nontestimonial statement.[4] In this Court, appellant includes copies of numerous out-of-state decisions concluding that out-of-court statements to SANES were

---

1. Appellant had originally told the police that he did not touch the elderly lady, but later he said that he had consensual sex with her.

2. The State relied on Tex.R. Evid. 803(4) (hearsay exception for statements "made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment").

3. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

4. *Herrera v. State*, No. 08–11–00193–CR, 2013 WL 4859311, *4 (Tex.App.-El Paso Sept. 11, 2013) ("The records and statements [victim] made to Nurse Justice ... were made with a primary purpose of medical diagnosis and treatment, and not criminal investigation thus, they are nontestimonial in nature.") (not designated for publication).

testimonial in nature and thus inadmissible unless the declarant testified at trial.[5]

This is an important constitutional issue, and our decision to refuse appellant's petition should not be read to foreclose consideration of this same issue in a different case.

COCHRAN, J., filed a statement concurring in the refusal of the petition.

**5.** Those decisions include *State v. Bennington,* 293 Kan. 503, 264 P.3d 440 (2011), *State v. Romero,* 141 N.M. 403, 156 P.3d 694 (2007); *People v. Spangler,* 285 Mich.App. 136, 774 N.W.2d 702 (2009); *Hartsfield v. Commonwealth,* 277 S.W.3d 239 (Ky.2009); *State v. Cannon,* 254 S.W.3d 287 (Tenn.2008); *People v. Vargas,* 178 Cal.App.4th 647, 100 Cal. Rptr.3d 578 (Cal.Ct.App.2009); *Medina v. State,* 122 Nev. 346, 143 P.3d 471 (2006), *United States v. Gardinier,* 65 M.J. 60 (C.A.A.F.2007).